UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

U.S. BANK NATIONAL ASSOCIATION,

       Plaintiff,

       v.

LEROY TYLER III,

       Defendant.
_____/

No. C 10-4033 PJH

**ORDER GRANTING MOTION TO REMAND**

Before the court is the motion of plaintiff U.S. Bank National Association ("U.S. Bank") to remand the above-entitled action to the Superior Court of California, County of Alameda. Defendant Leroy Tyler III opposes the motion. The court finds that the motion must be GRANTED.

A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in favor of remanding case to state court).

Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question,

or those to which the United States is a party.  See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  A defendant has a particularly heavy burden where the state court complaint specifically indicates that it seeks damages of less than $75,000.  The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

The complaint at issue, which was filed in Alameda County Superior Court on August 13, 2010, alleges a single cause of action under state law, for unlawful detainer following a non-judicial foreclosure sale in July 2010.  The complaint further alleges that on July 27, 2010, U.S. Bank served defendant with written notice to vacate the premises.  The caption of the complaint states "Amount Demanded Does not Exceed $10,000."  In the prayer for relief, U.S. Bank seeks "possession of the premises" and "such other and further relief as the Court deems appropriate."

On September 8, 2010, defendant filed a notice of removal, asserting diversity jurisdiction under 28 U.S.C. § 1332.  Defendant alleges that the parties are citizens of different states, and that the matter in controversy exceeds $75,000.

In the present motion, U.S. Bank argues that defendant has not met his burden of establishing that the amount in controversy exceeds $75,000, particularly in light of the fact that the complaint seeks an amount that does not exceed $10,000.  In addition, U.S. Bank asserts that it did not receive judgment for holdover damages, and thus, the suit is essentially for possession of the subject property only.

In his opposition, defendant argues that the question of who has the right to possession of the property depends upon whether the property was legally foreclosed upon, which question is the subject of a related action filed by defendant in the present case against National City Mortgage Company and U.S. Bancorp (case No. C-10-3415 PJH).  Defendant has filed a motion to consolidate the two actions, and contends that the court should rule on the motion to consolidate before it rules on the motion to remand,

because if the court consolidates the two actions, there is no doubt that the amount in controversy will exceed $75,000, because the value of the subject property exceeds $75,000.

Under 28 U.S.C. § 1447(c), the district court is <u>required</u> to remand state law claims where the court lacks removal jurisdiction – that is, where there is no federal question or diversity jurisdiction. <u>Albingia Versicherungs A.G. v. Schenker Int'l, Inc.</u>, 344 F.3d 931, 936 (9th Cir. 2003). Subject matter jurisdiction is fundamental and cannot be waived. <u>Billingsly v. C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. <u>See</u> <u>Chen-Cheng Wang</u> ex rel. <u>United States v. FMC Corp.</u>, 975 F.2d 1412, 1415 (9th Cir. 1992). Thus, in the present case, the court must consider whether it has subject matter jurisdiction over the removed unlawful detainer action before it can consider whether the unlawful detainer action should be consolidated with the related wrongful foreclosure action.

In ruling on a motion to remand for lack of subject matter jurisdiction, the court looks only to the face of the complaint. <u>See</u> <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 n.2 (9th Cir. 1998); <u>see also</u> <u>Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689, 692-93 (9th Cir. 2005). Here, the court finds no federal question pled in the unlawful detainer complaint, and finds that defendant has not met his burden of showing that the amount in controversy <u>in the unlawful detainer action</u> exceeds $75,000. Accordingly, as the court lacks subject matter jurisdiction, the case must be remanded to the Alameda County Superior Court.

U.S. Bank's motion for fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: November 12, 2010

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
PHYLLIS J. HAMILTON
United States District Judge

3